IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DUNCAN SPENCE, #288-505 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-12-1005 |
| KATHLEEN GREEN, Warden | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Before this Court is self-represented Petitioner Duncan Spence's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] Respondent Kathleen Green, by her counsel has filed a response requesting dismissal of the Petition for failure to exhaust state court remedies and for failure to state a cognizable federal claim. Spence has filed a reply. After careful review of the record, exhibits, and applicable law, this Court deems a hearing unnecessary. *See* Local Rule 105.6 (Md. 2011). For reasons to follow, the Petition will be DISMISSED.

## BACKGROUND

Petitioner, an inmate committed to the custody of the Commissioner of Correction and the Division of Correction ("DOC"), claims that after his parole was revoked in 2010, the DOC improperly rescinded the diminution of confinement credits he had earned prior to release on parole. Petition, ECF No. 1, at 1-3.

---

[1] Spence initially filed this action on pre-printed forms for challenging a state judgment pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner was informed that where, as here, a challenge to the execution of sentence is raised, the matter is more properly brought under 28 U.S.C § 2241, and he has supplemented his pleading accordingly. ECF Nos. 3 and 4.

**A. Petitioner's Convictions and Sentences**

On October 13, 1999, the Circuit Court for Queen Anne's County sentenced Spence to fifteen years incarceration after he was convicted of distribution of phencyclidine ("PCP"). ECF No. 9, Ex. 1. The sentence resulted in a term of confinement with a maximum expiration date of August 31, 2014. ECF No. 9, Ex. 2.

In a separate criminal case, on December 13, 1999, the Circuit Court for Anne Arundel County sentenced Spence to two years imprisonment for possession of a controlled dangerous substance ("CDS") to run concurrent with any other outstanding or unserved sentence.  This sentence did not affect Spence's maximum term of confinement. ECF No. 9, Exs. 2 and 3.

**B. Parole Release and Revocation**

Spence was released on parole on April 3, 2006, and a warrant was issued for him on December 7, 2007, alleging violation of the conditions of his parole. ECF No 9, Exs. 2 and 4. On April 25, 2008, the Parole Commission conducted a hearing and found Spence guilty of violating the terms of his release after it found the District Court for Talbot County had imposed a sentence of one year and one day on him for possession of CDS and second-degree assault. ECF No. 9, Ex. 5. Spence was continued on parole as "active, but unavailable for supervision," and directed to serve his sentence of one year and one day. *See id.*

A second warrant was issued for Spence on August 28, 2009, alleging violation the conditions of his parole. ECF No. 9, Exs. 2 and 6.  On September 11, 2009, the Parole Commission continued Spence on parole. ECF No. 9, Ex. 2 and 7.

 On November 13, 2009, the Parole Commission issued a third parole violator warrant for Spence and his parole was subsequently revoked.  ECF No. 9, Exs. 2 and  8.

### C. Revocation of Parole

On March 24, 2010, after holding a hearing at the Talbot County Detention Center, the Parole Commission revoked Spence's parole. ECF No. 9, Ex. 9. The presiding parole commissioner allowed Spence credit under, Md. Code Ann., Corr. Serv. ("CS") § 7-401(d) from April 3, 2006 to April 25, 2008, 15 days "jail credit" for time spent in the Talbot County Detention Center, and 60 days "jail credit" for time spent in the Kent County Detention Center. *See id.* § 7-401(d) (2010).

Spence was awarded diminution credits under CS § 3-704 - 3-707 prior to being released on parole on April 3, 2006. ECF No. 9, Ex.11 (OBSCIS printout dated March 26, 2010 reflecting Spence's diminution credit allowance as of September 30, 2009, prior to the revocation of his parole). After Spence's parole was revoked, the DOC rescinded 609 days of credit for the time between release on parole and revocation of parole. ECF No. 9, Ex. 2; ECF No. 13 The DOC determination was based on Md. Code Ann., Corr. Serv. §3-711 which states:

> Effect of Parole Violation on Diminution Credits
>
> If an inmate is convicted and sentenced to imprisonment for a crime committed while on parole and the parole is revoked. diminution credits that were awarded before the inmate's release on parole may not be applied toward the inmate's term of confinement on return to the Division.

ECF No. 9, Exs. 11 and 13.

According to Respondents, since his return to the DOC on April 30, 2010, Spence has earned 100 special project credits and 100 industrial credits. ECF No. 9, Ex. 10. Subtracting the 200 allowed diminution credits from the May 1, 2016, maximum expiration date yields a current anticipated mandatory supervision release date of October 14, 2015, as of May 31, 2012. ECF No. 9, Ex. 10; CS § 7-501.

### D. State Habeas Proceeding

On November 3, 2010, Spence filed a Petition for Writ of Habeas Corpus in the Circuit Court for Somerset County, claiming the DOC improperly rescinded diminution of confinement credits that he earned prior to his release on parole. ECF No. 9, Exhibit 12 The circuit court denied the petition on March 22, 2012, finding the claim without merit and the DOC had properly calculated Spence's diminution of confinement credits. ECF No. 9, Exhibit 13.  There is no evidence that Spence appealed the Order.

## DISCUSSION

### A. Failure to Exhaust State Court Remedies

Respondent seeks dismissal of the Petition, arguing Spence has failed to exhaust his state court remedies.  Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91(1973) (requiring exhaustion in 28 U.S.C. § 2241 matters); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotation marks omitted); *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.2004) (per curiam) (collecting cases); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d. Cir. 2001).  Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). In this case, Spence does not claim exhaustion is futile and he has not exhausted his claim before the state courts.  Consequently, the Petition shall be dismissed.

### B. Failure to State a Cognizable Claim

Even were this matter were fully exhausted, it is dismissible for failure to state a cognizable claim. The gravamen of Spence's claim for federal habeas relief is that the DOC improperly applied Maryland law by not allowing diminution credits awarded during his previous term of confinement.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Cagle v. Branker*, 520 F.3d 320, 324 (2008). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 480. Spence's claim for federal habeas relief is wholly premised on alleged error of state law; *i.e.* that DOC officials improperly calculated his diminution credits. Although Spence generally avers he has been denied due process, his claim is in essence a state law claim. *See Brandon v. District of Columbia Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987) ("The mere fact that the government has established certain procedures does not mean that the procedures thereby become substantive liberty interests entitled to federal constitutional protection under the Due Process Clause."). For these reasons, this claim is not cognizable under federal habeas corpus review.[2]

### CERTIFICATE OF APPEALABILTY

A Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

---

[2] It is also unlikely Spence would prevail were this case to proceed on its merits. To the extent Spence argues his credits were improperly "taken for a charge in 2008, Feb 6th" (ECF No. 1 at 4), his argument fails to consider his 2010 parole revocation or his February 6, 2008, conviction and sentence.

(quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)) or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, (1983). Petitioner has failed to demonstrate entitlement to a COA in this case.

      A separate Order shall be issued in accordance with the Memorandum Opinion.

December 17, 2012                                              _____/s/_____
Date                                                                      RICHARD D. BENNETT
                                                                            UNITED STATES DISTRICT JUDGE